## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MYRNA MALDONADO PEREZ**, | **CIVIL NO. _____** |
| Plaintiffs | |
| v. | **RE: EMPLOYMENT RIGHTS** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security, SOCIAL SECURITY ADMINISTRATION.** | **JURY TRIAL REQUESTED** |
| Defendant. | |

## COMPLAINT

### TO THE HONORABLE COURT:

COMES NOW the plaintiffs represented by the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

### I.    NATURE OF THE ACTION

1.    This is an action brought by plaintiff, Ms. Myrna Maldonado Pérez (hereinafter "Maldonado"), against Maldonado's employer, Social Security Administration (hereinafter "SSA" or "Defendant"), for retaliation, the violation of civil rights, discrimination, and torts.

2.    The plaintiffs bring this action to remedy the depravation of rights secured to them, under the constitutions and laws of the Commonwealth of Puerto Rico and the United States of America.

3.    Maldonado alleges, in synthesis, that she was unjustly discriminated, retaliated for requesting job openings within the Social Security Administration ("SSA") in her place of employment. These actions and omissions are prohibited by the constitutions and laws of the Commonwealth of Puerto Rico, as well as of the United States of America.

Complaint
Page **2** of **8**

4.      The Plaintiff alleges that they suffered damages as a result of Defendants actions.

5.      The plaintiffs request this Honorable Court, among other things, compensation for their economic damages and loss of wages, as well as for their mental anguish and sufferings.

## II.    JURISDICTION

6.      The jurisdiction of this Honorable Court is invoked pursuant to **Age** Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., in compliance with 29 CFR 1614.407 since a final action has not been taken by the Equal Employment Opportunity Commission for more than 180 days, and the provisions of the same, Section (3) of Title VII of the Civil Rights Act, as amended, 42 U.S.C §2000e-(5)(f)(3), and 42 U.S.C. § 1981 regarding retaliation.

7.      All conditions precedent to jurisdiction under the Social Security and Title VII have been complied with.

8.      The plaintiffs is citizens of the Commonwealth of Puerto Rico.

9.      This action involves a sum in excess of $75,000.00, exclusive of interest and cost.

10.     This is the proper venue to bring this action since the facts relating to the cause of action arose in this District.

## III.   PARTIES

11.  Myrna Maldonado is of legal age, single, employee and residents of the city San Juan, Commonwealth of Puerto Rico, is a Social Insurance Specialist, Claim Representative, GS-105-11, in the Social Security Administration District Office in Bayamon, Puerto Rico, and has been in this position as a permanent employee since 1998 and as temporary employee since 1997.

12.     Defendant, Social Security Administration, is an entity created by de Federal Government , authorized and providing services in the Commonwealth of Puerto Rico. At all

times, the Defendant has been an "employer", as defined by all the laws invoked in the Complaint.

## III.    STATEMENT OF CLAIM

13.    Plaintiff was found qualified and referred for consideration under Job Announcement SN-713160-12 ROII 192, but was not selected to the position of Disability Processing Specialist.

14.    Plaintiff**,** Myrna Maldonado Pérez , was born in 1965, and is currently 51 years but was 47 years old at the time this controversy began in 2012.

15. Plaintiff is a Social Insurance Specialist, Claim Representative, GS-105-11, Bayamon District Office, and has been in this position as a permanent employee since 1998 and as temporary employee since 1997.

16.    From July 17 through August 31, 2012, Ms. Igneris Pérez (born December 31, 1967) was Plaintiff's first- level Supervisor.

17.    Beginning on July 17 through August 31, 2012, the Complainant claims that her Operations Supervisor assigned special work and projects to the selectee with the intention of preparing her for a promotion while complainant's request to be given the same opportunities was denied;

18.    Previous to August 31, 2012, Plaintiff was subjected to disparate treatment since Ms. Pérez gave preferential treatment to Eveline D. Lopez Soto, a younger similarly situated employee (born march 7, 1980), who was given special work assignments, awards, and support with the work assignments to justify a promotion.

19.    In or about 2006, Plaintiff met Ms. Lopez Soto when she was assigned to the Bayamón Office and was employed at the San Juan Teleservice Center (TSC). Ms. Lopez Soto's work experience was mostly in telephone interviews and with no experience in claim development, and/or post entitlement.

20.    Before August 31, 2012, in/or around 2011, Plaintiff  was assigned to prepare and conduct training for the staff, including the visuals and presentations associated with the training, but even though Ms. Perez gave her no support, Plaintiff requested to conduct more training but was not given that opportunity.

21.    From July 17 through August 31, 2012, the Operations Supervisor, Ms. Pérez, assigned special work and projects to the Ms. Lopez Soto with the intention of preparing her for a

promotion while Plaintiff's request to be given the same opportunities was denied. Ms. Pérez did not assign Ms. Lopez Soto to normal duties of the Claim Representative position instead Ms. Lopez Soto was assigned to special projects, such as 501's paper appeals, screening, and all office duties that gave the appearance of flexibility and ability to multitask.

22.     From July 17 through August 31, 2012, in contrast with Plaintiff's situation, Ms. Lopez Soto was assigned to conduct training in 2012 and Ms. Perez helped Ms. Lopez Soto and assigned another employee to help Ms. Lopez Soto. She believes that Ms. Perez favored Ms. Lopez Soto with special work assignments and awards to improve Ms. Lopez Soto's qualifications and have a greater opportunity for promotion. She contends that Ms. Perez favored Ms. Lopez Soto who is younger than Complainant because of discrimination based on Complainant's age.

23.     Plaintiff applied for the position of Social Insurance Specialist, Disability Processing Unit, and GS-105-12, announced under Job Announcement SN-713160-12 ROII 192, before the closing of the Job Announcement on August 17, 2012. She was found to be among the best qualified candidates, was not interviewed and not selected.

24.     Plaintiff was not interviewed for the position and knows that the selected employees are: Orlando Benitez (Date of Birth 2/25/63), Aida L. Cancel (Date of Birth 4/24/66), Luisa J. Clavell (Date of Birth 9/07/48), Eveline D. Lopez (Date of Birth 3/07/80), Emelia E. Ramos (Date of Birth 5/30/58), and Adolfo E. Sanchez (Date of Birth 3/13/72).

25.     Plaintiff does not know the selected employees, except of Ms. Lopez Soto (also known as Lopez) who was a coworker at the time. Plaintiff's qualifications are superior to those of Ms. Lopez Soto to the extent thatwork record from 1998 to the present demonstrates her superior qualifications: (1) extensive knowledge of SSA laws, policy, and regulations relevant to adjudication of medical disability issues, demonstrated by independently accomplished her workload; (2) making determination and adjudication of disability cases Supplemental Security Income.

26.     On August 31, 2012, Plaintiff was not selected to the position of Disability Processing Specialist, announced under vacancy number SN-713160-12 ROII 192.

27.     On August 31, 2012, a much younger employee, Ms. Lopez Soto, a person under the age of 40, was selected to the position of Disability Processing Specialist, announced under vacancy number SN-713160-12 ROII 192.

28.   Ms. Perez has been aware of Plaintiff¢s age because Ms. Perez supervised her from 2010 to the date of the claim, and also it is a common office practice to celebrate the employees¢ birth dates. Ms. Perez favored Ms. Lopez Soto by assigning her to special projects that enabled her to claim flexibility, multi-tasking, willing to assist, leadership, the factors the Selecting Official considered to make the selection, and enabled the promotion over Plaintiff**.** Although Ms. Perez has an open door policy when she is on duty, she never authorized Plaintiff to call Ms. Pérez when she was on leave, but allowed Ms. Lopez Soto to do so.  Also, Ms. Perez did not updated the Employee Work Assignments List and, by doing so, Ms. Perez was able to assign Ms. Lopez Soto to exclusively handling the paper appeals (501¢s) among other key duties and operational tasks.

29.   Plaintiff was assigned minimal tasks while Ms. Perez manipulated the special assignments made to fit Ms. Lopez Soto resume by not showing them in the special task list that excluded screening and paper appeals (501). Ms. Perez favored Ms. Lopez Soto with special assignments that provided the second-level supervisor with the necessary qualifications to be promoted because of being younger than Plaintiff.

30.   Plaintiff¢s 2011 and 2012 Performance Appraisal of Excellence show her qualifications and organizational skills, and even with Plaintiff¢s 2011 and 2012 Performance Appraisal of Excellence , Ms. Pérez recommended Plaintiff with reservations because of discrimination based on Complainant¢s age to favor Ms. Lopez Soto. Plaintiff should have been selected for the position in question because Ms. Perez¢ statement that Complainant¢s organizational skills were wrongfully determined.  Furthermore, Plaintiffs final Performance Appraisal dated October 10, 2011 did not mention anything about lack of organizational skills.

31.   On December 17, 2012, Formal Complaint of Discrimination was presented before the EEO, Case Number NY-12-0877-SSA. This Complaint has exceeded 180 days without a final decision.

32.   On or about July 4, 2013, Plaintiff applied for the position of Social Insurance Specialist (Disability Processing Specialist), GS-12 announced under Vacancy Announcement SN-913210-13, ROII 169.

33.   On or about August 8, 2013, Plaintiff was informed that she was qualified but had not been selected.  Plaintiff had a previous EEO complaint in December 2012 regarding her non-selection for another Social Insurance Specialist (Disability Processing Specialist) position.

34.   Luis J. Perez (Mr.Perez), Disability Processing Unit Supervisor, was the Selecting Official for the position of Social Insurance Specialist (Disability Processing Specialist).

35.   Plaintiff did not personally know Mr. Perez or Jorge Negron at the time she applied for the Social Insurance Specialist (Disability Processing Specialist). Although she did not know Jorge Negron, one of the persons selected for the position, she knew his previous duties and knows that Mr. Negron was with the Work Support Unit (WSU) where he processed basic retirement and survivor benefits and did not have knowledge, skills, and abilities regarding applications for medical disability, reconsideration, and appeals as required in the vacancy announcement.  In contrast, Plaintiff is certain she has these qualifications to conduct reviews of applications for disability, retirement, survivor benefits, reconsideration of benefits, and hearings.

36.   Plaintiff is not familiar with the work history of the other five selected for Social Insurance Specialist (Disability Processing Specialist), but it is her belief that the selected employees are younger than she is, and it is her understanding that the basis for their selection was the fact the selectees had no prior EEO claims while she was retaliated for having one.

37.   At the time of selecting the Social Insurance Specialist (Disability Processing Specialist), Mr. Perez was aware of Plaintiffs prior EEO activity,   and had discussed it with Ms. Maldonado.   Lack of selection shows that Mr. Perez did not review her 2012 PACS Performance Plan since the assessments are opposite. The PACS indicated that Complainant worked independently and did her own research to resolve complex issues and Ms. Perez was aware of Complainant's age because she organized birthday celebrations at the office. Neither the PACS match Ms. Perezø assessment of Complainantøs work performance regarding the ability to do more complex work.

38.   The personnel selected for Social Insurance Specialist (Disability Processing Specialist), Jose Figueroa, should not have been promoted because he had not served at least one year in his prior position and did not qualify for the promotion.

39.   The weight given to the opinion of the supervisor in the selection process for the promotion of the selectees for Social Insurance Specialist (Disability Processing Specialist) violates Article 26 of the SSA/AFGE labor agreement by giving more weight to the supervisorsørecommendations over the application package and PACS.

40.     On October 30, 2013, Formal Complaint of Discrimination and Retaliation was presented before the EEO, Case Number NY-13-0892-SSA. This Complaint has exceeded 180 days without a final decision.

41.     On January 1, 2014, Formal Complaint of Discrimination and Retaliation was presented before the EEO, Case Number NY-14-0182-SSA. This Complaint has exceeded 180 days without a final decision.

42.     Defendant's retaliatory actions against Plaintiff, drastically and negatively affected Maldonado's terms and conditions of employment, as well as Maldonado's mental and emotional health, and created a hostile working environment.

43.     Furthermore, Maldonado's has suffered considerable damages, including loss of compensation for her work, significant emotional and physical sufferings, loss of self-esteem as well as an affront to their dignity as human beings.

44.     At the time Maldonado's was victim of retaliation by Defendant, the Defendant was fully aware of the federal law and regulation requirements of the Social Security Administration. Defendant acted willfully and with reckless disregard of law in nor selecting Maldonado's, solely because of her age, and further retaliating against her.


**IV.     FIRST CAUSE OF ACTION**

45.     Plaintiff repeats and re-alleges all previous paragraphs, as if fully alleged herein.

46.     The events described herein constitute a violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq., ("ADEA") as Plaintiff was non-selected for a position on the bases of disparate treatment based on age.

**V.     SECOND CAUSE OF ACTION**

47.     Plaintiff repeats and realleges all previous paragraphs, as if fully alleged herein.

48.     The events described herein constitute a violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq., ("ADEA") as Plaintiff was non-selected for a position on the bases of an act of retaliation.

**VI.     RELIEF**

        WHEREFORE, the plaintiffs pray this Honorable Court:

49.     Enter a declaratory judgment against Defendant and find it in violation of the constitutions and laws of the United States of America.

Complaint
Page **8** of **8**

50.      Order the Defendant to make the plaintiffs whole, by ordering damages for loss of income, back pay, front pay, and loss of benefits in an amount not less than $28,055.90.

51.      Award the plaintiffs damages in an amount not less than $30,000.00, for each of them, for their mental anguish, mental and emotional sufferings, and distress.

52.      Award each of the plaintiffs compensatory and punitive damages caused as a result of the illegal acts of the Defendant, in an amount not less than $ 300,000, as set for employers with 501 or more employees. 42 U.S.C. § 1981a(b)(3).

54.      Award the plaintiff the cost of their action together with reasonable attorneys' fees.

55.      Award the plaintiff pre-judgment interest.

56.      Provide Plaintiff with the job scale of the position she applied for or, if impossible, front pay in the amount of $100,000.00.

57.      Plaintiffs request trial by jury.

58.      Grant the plaintiffs such other relief as this Honorable Court deems appropriate and proper.

        **RESPECTFULLY SUBMITTED**.

        In San Juan, Puerto Rico, this 4th day of May of 2016.

                                                    **Attorney for Plaintiff**

                                                    s/Rafael Maldonado Pérez
                                                    **RAFAEL MALDONADO PÉREZ**
                                                    USDC-PR No. 223513
                                                    PO Box 194669
                                                    San Juan, PR 00919-4669
                                                    Tel. (787) 786-7533
                                                    Fax (787) 765-3043
                                                    E-mail: rmaldonadolaw@gmail.com